WEST v. RULE et al. (No. 1788.)

(Court of Civil Appeals of Texas. Texarkana. May 8, 1917. Rehearing Denied May 24, 1917.)

TROVER AND CONVERSION ⬤⟞11—LIABILITY FOR CONVERSION—MONEY HELD IN TRUST.

Where the agent of the owner of an interest in land conveyed the land by deed executed under power of attorney, and received in payment therefor money held in trust for plaintiff under an agreement not authorizing payment of same to any other person than plaintiff or on his order, the agent, having acted without knowledge of this agreement, or of the fact that the money paid him belonged to plaintiff, was not liable for conversion of the money.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 95–98.]

Appeal from Van Zandt County Court; R. M. Lively, Judge.

Action by James Rule against J. Andrew West and another for conversion. From judgment for plaintiff, the defendant named appeals. Reversed and rendered as to such defendant.

The suit was by appellee Rule against appellant West and Sim Florence for conversion. The jury returned a verdict in favor of the plaintiff against the defendant West, and in favor of the defendant Sim Florence. The defendant West appeals, to have the judgment against him reviewed.

James Rule sold to E. G. Oliver certain real estate for the sum of $600. Before paying the purchase price, E. G. Oliver learned that the deceased wife of James Rule had a son living in England. It was then agreed in writing between Rule and Oliver that the purchase money, obtained by Oliver as a loan through Gibbard, a loan agent, should be delivered to Sim Florence, and that Florence would pay $400 to James Rule and hold the sum of $155.80 "in trust for the use of James Rule" until James Rule perfected the title to the land sold to E. G. Oliver, "by getting a deed from an heir who now resides in England, or by suit in the district court of Van Zandt county." The agreement was dated March 21, 1912. It appears that Sidney Clarke, heir of James Rule's wife, living in England, executed a power of attorney to appellant West, dated May 16, 1912. The power of attorney was recorded June 7, 1912. Acting under the power of attorney, West executed a deed to the land of Sidney Clarke's interest to E. G. Oliver, dated June 6, 1912; the consideration being $155.80 cash. The deed was delivered by West to Sim Florence, and was acceptable to E. G. Oliver, and Sim Florence paid to West the $155.80 held by him under the written agreement above. E. G. Oliver placed the deed of record on June 7, 1912. James Rule did not know that the $155.80 was paid to West by Sim Florence until about November, 1914, at which time he made demand upon Florence for the money. Appellant testified as follows:

"The latter part of May, 1912, Sidney Clarke sent his general power of attorney, which was placed of record in this county. About June 1, 1912, E. G. Oliver called at my office and sought a deed from Sidney Clarke through me under said power of attorney to certain property formerly owned by James Rule, and offered me $155.80 for such a deed, and requested me to call upon his agent, Mr. Sim Florence, for particulars, and stated that Mr. Florence was looking after his business, and whatever Mr. Florence did in the premises would be satisfactory to him. I called upon Mr. Florence a few days later, and related the Oliver interview, and asked for particulars, and also stated that I was attorney for Sidney Clarke, and as such held a power of attorney for the said Clarke. Mr. Sim Florence stated that he had $155.80, which money belonged to Mr. E. G. Oliver, and that he was holding the same for Oliver, and would give it for a deed from Sidney Clarke to E. G. Oliver. A day or two later, to wit, June 6, 1912, I prepared the deed, and took the same to the office of Sim Florence, and signed and acknowledged the same under said power of attorney before the said Sim Florence, who was a notary public, and then delivered the same to Sim Florence in consideration of $155.80, all of which is expressed in said deed. That I knew nothing about the written instrument dated March 21, 1912, and signed by J. W. Carroll, E. G. Oliver, per Sim Florence, and James Rule, per Nat. M. Crawford, attorney for James Rule. Sim Florence said nothing about said instrument, but, on the other hand, stated that the $155.80 belonged to E. G. Oliver. Florence and Oliver were perfectly satisfied with the transaction aforesaid. I never saw the instrument dated March 21, 1912, and signed by Rule, Carroll, et al., and did not know the same was in existence until on or about April 1, 1915, when Mr. C. L. Hubbard, attorney for James Rule, called at my office and exhibited said instrument. I was not personally acquainted with James Rule at the time I executed the deed to E. G. Oliver."

There is no evidence showing or tending to show that appellant West knew at the time of the deed of or about the written agreement above, or knew that Rule had any claim or interest in the money paid him by Florence.

West & West, of Grand Saline, for appellant. Chas. L. Hubbard and Crawford & Carlisle, all of Grand Saline, for appellees.

LEVY, J. (after stating the facts as above). It may be that Sim Florence, holding the $155.80 as trustee, was not authorized by the terms of the written agreement to pay the said money to any other person than James Rule, or on his order; but the jury returned a verdict in his favor, and the judgment in his favor is not appealed from. In view of the evidence, though, it should be held as a matter of law, it is concluded, that no liability for conversion can be predicated against the appellant West. According to the undisputed evidence, appellant West executed the deed to Oliver at his request, and received the $155.80 as a consideration for the interest of Sidney Clarke in the land; he being informed and believing at the time that the money so paid belonged to Oliver, the grantee in the deed. Appellee West had no notice, according to the evidence, at the time of the deed, that Florence was holding the money

as trustee, or that James Rule had any claim or interest in that particular money.

The judgment against the appellant West is accordingly reversed, and judgment is here rendered in his favor, with costs of appeal and of the trial courts. The judgment as to Florence, not being appealed from, will remain undisturbed.